JM:RTL
F. #2010R

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

BENEDICK DEXTRA, also known as
    "Benedick G. Louis,"

            Defendant.

- - - - - - - - - - - - - - - - -X

M 10-1243

AFFIDAVIT IN SUPPORT OF
ARREST WARRANT APPLICATION

(18 U.S.C. § 1001(a))

EASTERN DISTRICT OF NEW YORK, SS:

    OSBERT ORDUNA, being duly sworn, deposes and says that he is a Senior Federal Air Marshal, Transportation Security Administration, Office of Law Enforcement, duly appointed according to law and acting as such.

    Upon information and belief, there is probable cause to believe that, on or about November 17, 2008, the defendant BENEDICK DEXTRA, also known as "Benedick G. Louis," did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: Department of Homeland Security ("DHS"), Transportation Security Administration ("TSA"), in that the defendant, when applying for a Transportation Worker Identification Credential,

2

falsely stated that he fell within a category of individuals that hold lawful status to be in the United States.

(Title 18, United States Code, Section 1001(a))

Upon information and belief, there is probable cause to believe that, on or about May 25, 2010, the defendant BENEDICK DEXTRA, also known as "Benedick G. Louis," did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: Department of Homeland Security ("DHS"), Transportation Security Administration ("TSA"), in that the defendant, when applying for a Transportation Worker Identification Credential, falsely stated that he fell within a category of individuals that hold lawful status to be in the United States.

(Title 18, United States Code, Section 1001(a))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Federal Air Marshal with the TSA for approximately eight years. I am currently serving as an agency liaison with the Immigration and Customs Enforcement Border Enforcement Security Task Force ("BEST"). BEST is multi-agency task force consisting of U.S. Immigration and Customs

---

[1] Because the purpose of this affidavit is to establish only probable cause to arrest, I have not set forth a description of all the facts and circumstances of which I am aware.

Enforcement, U.S. Coast Guard, TSA, National Guard and New York Police Department among others. BEST investigations at the ports of New York and New Jersey have focused upon, among other things, maritime threats including targeting internal conspiracies of corrupt transportation employees who participate in the smuggling of contraband; breaches of security; commercial fraud; cargo theft; unlawful exportation of controlled commodities and munitions; stolen property; alien smuggling; and the exportation of illicit proceeds.

    2. The information contained in this affidavit comes from first-hand knowledge, my discussions with other agents and officers, and reviews of Department of Homeland Security records and other evidence related to this investigation.

    3. BENEDICK DEXTRA is a citizen of Haiti who applied for asylum on or about November 11, 1999, utilizing INS Form I-589, Application for Asylum and for Withholding of Removal. As part of his asylum application, DEXTRA was photographed and fingerprinted by the Immigration and Naturalization Service, the predecessor agency to DHS. DEXTRA also submitted a Hatian birth certificate dated November 19, 1991, as proof of his identity. The birth certificate indicated his name was "Benedick Dextra," his date of birth was April 15, 1967, and bore registration number 23721. DEXTRA's asylum application was denied and he was ordered removed in absentia by an Immigration Judge on or about October 12, 2000.

4. On or about January 27, 2005, DEXTRA re-applied for resident alien status. As part of his application, DEXTRA was again photographed and fingerprinted by DHS. DEXTRA also submitted what purported to be a Hatian birth certificate dated March 6, 2001, as proof of his identity. The birth certificate indicated his name was "Benedick G. Louis", his date of birth was April 15, 1974, and bore registration number 34622C. On or about March 12, 2005, DEXTRA was issued a permanent resident alien card in connection with this application.

### November 17, 2008 False Statement

5. On or about November 17, 2008, DEXTRA applied for and obtained a Transportation Worker Identification Credential ("TWIC")[2/] card at the TSA TWIC Enrollment Center located in Lindenhurst, New York. As part of the TWIC card application process, DEXTRA completed a TWIC Disclosure and Certification, TSA Form 2212 ("Form 2212"). On the Form 2212, DEXTRA identified himself as "Benedick Louis" and falsely stated that, although he was not a U.S. citizen or U.S. national, he fell within a category of individuals that hold lawful status to be in the

---

[2/]TWIC was established by Congress through the Maritime Transportation Security Act and provides for a tamper-resistant biometric credential that is designed to be utilized by all personnel requiring unescorted physical and/or computer access to secure areas of the national transportation system. Controlling access to secure areas is critical to enhancing the homeland's port security. As of October 21, 2010, there were a total of 1,581,980 TWIC cards that have been lawfully issued after a security threat assessment.

United States. DEXTRA signed the Form 2212, certifying that the information provided on the form was true, complete, and correct to the best of his knowledge and belief and was provided in good faith.

6. In support of this application, DEXTRA also submitted the aforementioned permanent resident alien card and a New York State driver's license, which both bore the name "Benedick G. Louis" and a date of birth of April 15, 1974. As part of the TWIC card application process, DEXTRA was also photographed and fingerprinted by TSA.

7. On December 5, 2008, DEXTRA picked up TWIC card number 02312071 7099 in the name of "Benedick G. Louis" at the TSA TWIC Enrollment Center located in Lindenhurst, New York. The TWIC card permitted DEXTRA unescorted access to all secure facilities in United States ports and vessels.

8. On December 28, 2009, DEXTRA was stopped by U.S. Customs and Border Protection ("CBP") officers as his truck exited the portal monitors at the APM Terminal in Elizabeth, New Jersey as part of a routine customs inspection. DEXTRA presented to the officers the aforementioned TWIC card, the aforementioned New York State driver's license and a Port Authority Sealink identification card in the name of "Benedick Louis".

9. A routine database check performed by CBP officers at the terminal revealed that DEXTRA was the subject of a National Targeting Center lookout for identify fraud. DEXTRA was

detained by CBP officials and fingerprinted. An analysis by CBP officials of those fingerprints indicated that they matched the fingerprints on file in DHS's database for "Benedick Dextra" and "Benedick G. Louis", who are one and the same individual. CBP officers confiscated the aforementioned TWIC card and issued DEXTRA a Notice to Appear in Immigration Court.

### May 25, 2010 False Statement

10. On or about May 25, 2010, DEXTRA applied for and obtained a second TWIC card (the "second TWIC card") at the TSA TWIC Enrollment Center located in Lindenhurst, New York. As part of the TWIC card application process, DEXTRA completed another TWIC Disclosure and Certification, TSA Form 2212 ("Form 2212"). On the Form 2212, DEXTRA again identified himself as "Benedick Louis" and falsely stated that, although he was not a U.S. citizen or U.S. national, he fell within a category of individuals that hold lawful status to be in the United States. DEXTRA signed the Form 2212, certifying that the information provided on the form was true, complete, and correct to the best of his knowledge and belief and was provided in good faith.

11. In support of this second application, DEXTRA submitted an Employment Authorization card, which bore the name "Benedick G. Louis" and a date of birth of April 15, 1974.

12. On October 22, 2010, TSA officers conducted physical surveillance of DEXTRA as the truck he was operating entered the APM Terminal in Elizabeth, New Jersey. After gaining

access to the Terminal, DEXTRA was stopped by CBP officers. DEXTRA presented them with the second TWIC card and admitted to them that he had obtained it in Lindenhurst, New York using the aforementioned Employment Authorization card. An interview by TSA officers of an APM Terminal security employee revealed that DEXTRA presented the second TWIC card for visual inspection to gain entrance to the terminal.

WHEREFORE, your deponent respectfully requests that the defendant BENEDICK DEXTRA, also known as "Benedick G. Louis," be dealt with according to law.

_____
OSBERT ORDUNA
Senior Federal Air Marshal
Transportation Security
    Administration

Sworn to before me this
 th day of October, 2010

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK